1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

CHRISTINA REEVES DUWORS, an
individual, by herself and on behalf of all
others similarly situated,

                                  Plaintiff,

        v.

TRACFONE WIRELESS, INC., a Delaware
corporation; and WAL-MART STORES,
INC., a Delaware corporation,

                                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.

Washington State Court, King County,
Cause No. 10-2-35173-6 SEA

DEFENDANT TRACFONE
WIRELESS, INC'S NOTICE OF
REMOVAL OF ACTION PURSUANT
TO 29 U.S.C. §§ 1332, 1441, 1446
AND 1453

(DIVERSITY JURISDICTION --
CLASS ACTION FAIRNESS ACT)

18

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19

        PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and

20

1453, Defendant TracFone Wireless, Inc. ("TracFone") hereby removes to this Court the

21

state-court action described below.

22

## STATEMENT OF JURISDICTION

23

        This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §

24

1332, and is one that may be removed to this Court by TracFone pursuant to 28 U.S.C. §§

25

1441 and 1332(d)(2)(A) for the reasons set forth below.

26

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 1

111655.0389/1928227.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1

## BASES FOR DIVERSITY AND REMOVAL

2      1.    On October 5, 2010, Plaintiff Christina Duwors filed a purported class action

3  in the Superior Court of the State of Washington in and for the County of King entitled

4  *CHRISTINA REEVES DUWORS, an individual, by herself and on behalf of all others*

5  *similarly situated, Plaintiff, v. TRACFONE WIRELESS, INC., a Delaware corporation; and*

6  *WAL-MART STORES, INC., a Delaware corporation; Defendants*; Case Number 10-2-35173-

7  6 SEA.

8      2.    On October 6, 2010, Plaintiff filed a First Amended Class Action Complaint

9  (the "First Amended Complaint" or "FAC").

10      3.    On October 7, 2010, pursuant to RCW 4.28.180, TracFone was served with the

11  Summons, First Amended Complaint, Order Setting Civil Case Schedule, and discovery

12  requests. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings,

13  and orders served upon TracFone as well as plaintiff's original complaint that was not served

14  are attached to this Notice of Removal as Exhibit 1. Pursuant to Court Rule 12(a)(3),

15  TracFone is not required to respond to the First Amended Complaint until December 6, 2010.

16      4.    This Notice has been filed timely pursuant to 28 U.S.C. § 1446(b).

17      5.    The Superior Court of the State of Washington in and for the County of King

18  is located within the Western District of Washington. 28 U.S.C. § 128(b). This Notice of

19  Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

20      6.    The Court has jurisdiction over this action pursuant to Section 4 of the Class

21  Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts

22  original jurisdiction over putative class actions with more than 100 class members where the

23  aggregate amount in controversy exceeds $5 million, and any member of the class of plaintiffs

24  is a citizen of a state different from any defendant. As set forth below, this action satisfies

25  each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

26

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 2

111655.0389/1928227.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

7.     **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Plaintiff brings this action under Washington Court Rules ("CR") 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4)(A) – Washington's equivalent of Federal Rule of Civil Procedure 23.  *See* FAC ¶ 29.

8.     **Class Action Consisting of More than 100 Members.**  In her complaint, Duwors alleges that "there are a minimum of 100 members of the Class" and that "the identity and exact number of members of the Class is currently unknown but is estimated to be well in excess of 100." FAC ¶ 32(b).  Assuming the truth of the Plaintiff's allegations, the number of class members exceeds CAFA's requirement of at least 100 persons.   28 U.S.C. § 1332(d)(5)(B).  This fact is confirmed by TracFone's records, which indicate that there are well over 100 Straight Talk customers in Washington.   Declaration of Rick Dobrinsky ("Dobrinsky Decl."), ¶ 3.

9.     **Diversity.** Plaintiff alleges that she purchased a "TracFone pre-paid cell phone service gift card" (FAC ¶ 2 (emphasis added)) but the image included in the First Amended Complaint indicates that she purchased a Straight Talk 30/30 wireless airtime card.  *Id.* ¶ 21. And as noted on the image of the card Plaintiff allegedly purchased, "Straight Talk is a service of TracFone Wireless Inc."   *Id.*   Accordingly, the terms "Straight Talk" and "TracFone" are not interchangeable in the manner Plaintiff suggests.  Dobrinsky Decl., ¶ 4. Clarity requires that the First Amended Complaint be read to refer to Straight Talk wireless airtime cards throughout.

10.    Under CAFA, diversity is established pursuant to 28 U.S.C. § 1332(d)(2)(A) if any plaintiff, named or not, is a "citizen of a State different from any defendant."  While the Plaintiff does not plead her state of citizenship, she claims to be "a consumer who purchased a [Straight Talk] pre-paid cell phone service gift card at a Wal-Mart store *in Washington State*."

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

FAC ¶ 2 (emphasis added).  Plaintiff seeks to represent a class of "[a]ll persons who purchased a [Straight Talk] prepaid mobile card *in Washington State*."  FAC ¶ 29 (emphasis added).  Plaintiff states "over 90% of the putative members of the class are citizens of the State of Washington."  FAC ¶ 11.  Thus, either Plaintiff or a member of the putative class is a citizen of the State of Washington.  By contrast, TracFone is, and was at the time of the filing of this action, a corporation organized and existing under the laws of Delaware, with its headquarters and principal place of business in Miami, Florida.  FAC ¶ 3.  Accordingly, at least one plaintiff is a citizen of a state (Washington) different from TracFone (Delaware and Florida (*see* 28 U.S.C. §§ 1332(c), (d) (10)), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

11.     **Amount in Controversy.**  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6); *see also Lowdermilk v. US Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007).  While TracFone denies the claims alleged in the Complaint and further denies that Plaintiff, or any putative class member, is entitled to any monetary or injunctive relief, the amount in controversy here satisfies the jurisdictional threshold, as explained below.

12.     **Amount in Controversy – Disgorgement.**  The Complaint itself is silent as to the exact amount of damages sought, but given the size of the putative class and the monetary relief sought, the amount in controversy exceeds $5 million, exclusive of interest and costs.  This action is a putative class action in which Plaintiff alleges that Wal-Mart and TracFone sell prepaid wireless access cards that violate Washington's gift certificate laws (Revised Code of Washington ("RCW") 19.240, *et seq.*) as well as the Washington Consumer Protection Act, RCW 19.86.020, *et seq.*  FAC ¶¶ 35-43, 54-61.  In Plaintiff's fourth cause of action, for unjust enrichment, she alleges that "Wal-Mart and TracFone's unfair and illegal actions . . . have enabled Wal-Mart and TracFone to receive money in violation of

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1   Washington law." *Id.* ¶ 64. She further alleges that "Wal-Mart and TracFone should be

2   required to disgorge the money retained as a result of their unjust enrichment." *Id.* ¶ 65. And

3   she repeats this allegation in alleging that the putative class is entitled to disgorgement. *Id.* at

4   11:26-27. Plaintiff also seeks compensatory damages, *treble damages* under Washington law,

5   and attorneys' fees and costs. *Id.* at 11:22-12:3.

6        13.   Based on the allegations contained in the Complaint, the amount in

7   controversy with respect to disgorgement *alone* exceeds $5 million. According to TracFone's

8   records, the total revenue from the sale of Straight Talk cards in Washington since June 2009

9   is over $40 million. Dobrinsky Decl., ¶ 3. Because Plaintiff seeks disgorgement, this entire

10   amount is placed in controversy. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667-668

11   (3d Cir. 2002) (removal proper and jurisdictional amount in controversy satisfied based on

12   unjust enrichment claim where plaintiff sought disgorgement of illegally obtained profits;

13   proper measure of disgorgement was entire purchase price of car with allegedly defective

14   transmission, rather than only the cost to repair defective transmission). Accordingly, while

15   TracFone contends that neither Plaintiff nor any of the putative class members are entitled to

16   any damages, the amount placed in controversy by the Complaint clearly exceeds $5 million

17   based solely on Plaintiff's disgorgement claim, and before trebling Plaintiff's alleged

18   compensatory damages.

19        14.   **Amount in Controversy – Attorneys' Fees.** Plaintiff also seeks attorneys'

20   fees under the Washington Consumer Protection Act. FAC ¶ 60 and 12:1-3. Thus, the Court

21   should also consider her attorneys' fees request in determining whether the amount in

22   controversy exceeds $5 million. *See Lowdermilk* 479 F.3d at 1000 (*citing Gibson*, 261 F.3d at

23   942-43) (including attorneys' fees in calculating amount in controversy where there is a

24   statutory basis for awarding fees). The amount of any such fees in a class action like this

25   certainly is significant, and likely would run into the millions if this case were to reach trial.

26   *       *       *

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 5

111655.0389/1928227.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1    15.    In accordance with 28 U.S.C. § 1446(d), TracFone is serving Plaintiff with a

2  copy of a Notice to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C.

3  §§ 1332, 1441, 1446 and 1453.  A true and correct copy of that Notice to Plaintiff is attached

4  hereto as Exhibit 2 and is incorporated by reference.

5    16.    Pursuant to 28 U.S.C. § 1446(d), TracFone also is filing in the Superior Court

6  of Washington in and for the County of King, and is serving the same upon Plaintiff, a Notice

7  to Superior Court of Filing of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446

8  and 1453.  A true and correct copy of that Notice to Superior Court is attached hereto as

9  Exhibit 3 and incorporated by reference.

10    DATED:  November 3, 2010

11               LANE POWELL PC

12

13               By  s/Rudy A. Englund
                  Rudy A. Englund, WSBA No. 04123

14                  englundr@lanepowell.com
                  Mary S. Young, WSBA No. 33173

15                  youngm@lanepowell.com
                  Attorneys for Tracfone Wireless, Inc., a

16                  Delaware corporation

17

18

19

20

21

22

23

24

25

26

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on November  3  , 2010 I caused to be served a copy of the

3    foregoing document on the following person(s) in the manner indicated below at the

4    following address(es):

5    Derek Linke
     linke@newmanlaw.com
6    Derek A. Newman
     derek@newmanlaw.com
7    Newman & Newman, LLP
     505 Fifth Avenue South, Ste. 610
8    Seattle, WA 98104

9    Ph: 206-274-2800
     Fx: 206-274-2801
10   Direct for D. Newman: 206-274-2828
     Direct for D. Linke:  206-274-2827

11
     ☐      by **CM/ECF**
12   ☐      by **Electronic Mail**
     ☐      by **Facsimile Transmission**
13   ☐      by **First Class Mail**
     ☑      by **Hand Delivery**
14   ☐      by **Overnight Delivery**

15

16                                    Amanda L. Lund

17

18

19

20

21

22

23

24

25

26

DEFENDANT TRACFONE WIRELESS, INC'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446 AND 1453 - 7

111655.0389/1928227.1



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
Transmittal Number: 8076505
Date Processed: 10/07/2010

| Primary Contact: | Richard B. Salzman<br>Tracfone Wireless, Inc.<br>9700 NW 112th Ave<br>Miami, FL 33178-1353 |
|---|---|

| Entity: | TracFone Wireless, Inc.<br>Entity ID Number 2587801 |
|---|---|
| Entity Served: | Tracfone Wireless, Inc. |
| Title of Action: | Christina Reeves Duwors vs. Tracfone Wireless, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | King County Superior Court, Washington |
| Case Number: | 10-2-35173-6 SEA |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 10/07/2010 |
| Answer or Appearance Due: | 60 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Derek Linke<br>206-274-2800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT 1

*CSC*

1

2

3

4

5

6

7      **SUPERIOR COURT OF THE STATE OF WASHINGTON
8           IN AND FOR THE COUNTY OF KING**

9
CHRISTINA REEVES DUWORS, an                    NO. 10-2-35173-6 SEA
10   individual, by herself and on behalf of all others
     similarly situated,                                **SUMMONS**
11
               Plaintiff,
12
                    v.
13
     TRACFONE WIRELESS, INC., a Delaware
14   corporation; and WAL-MART STORES, INC., a
     Delaware corporation;
15
               Defendants.
16

17      TO THE DEFENDANT, TRACFONE WIRELESS, INC.:
18
        A lawsuit has been started against you in the above entitled court by CHRISTINA
19
     REEVES DUWORS, plaintiff.  Plaintiff' claim is stated in the written complaint, a copy
20
     of which is served upon you with this summons.
21
        In order to defend against this lawsuit, you must respond to the complaint by
22
     stating your defense in writing, and by serving a copy upon the person signing this
23
     summons within sixty (60) days after the service of this summons, excluding the day of
24
     service, or a default judgment may be entered against you without notice.  A default
25
     judgment is one where plaintiff is entitled to what it asks for because you have not
26
     responded. If you serve a notice of appearance on the undersigned person, you are
27
     entitled to notice before a default judgment may be entered.
28

---

SUMMONS - 1                    NEWMAN & NEWMAN,          505 Fifth Ave. S., Ste. 610
                               ATTORNEYS AT LAW, LLP     Seattle, Washington 98104
                                                         (206) 274-2800

1    You may demand that the plaintiff file this lawsuit with the court. If you do so, the

2    demand must be in writing and must be served upon the person signing this summons.

3    Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the

4    court, or the service on you of this summons and complaint will be void.

5         If you wish to seek the advice of an attorney in this matter, you should do so

6    promptly so that your written response, if any, may be served on time.

7         This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the

8    State of Washington.

9

10

11   DATED this 6th day of October, 2010.

12

13   NEWMAN & NEWMAN,
     ATTORNEYS AT LAW, LLP

14

15   By:

16   Derek Linke, WSBA No. 38314
     Derek A. Newman, WSBA No. 26967

17   Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

SUMMONS - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CHRISTINA REEVES DUWORS | NO.  10-2-35173-6    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| TRACFONE WIRELESS, INC., and WAL-MART STORES, INC. | ASSIGNED JUDGE  McDermott        38 |
| | FILE DATE:                    10/05/2010 |
| **Defendant(s)** | **TRIAL DATE:**              **03/26/2012** |

### EARLY MEDIATION PILOT

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: **(1)** the filing of the **Summons and Complaint/Petition** or **(2)** service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| _____ | _____ |
| Print Name | Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] — especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

12

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  10/05/2010 | * |
| **DEADLINE to file Early Mediation Plan [See Pilot Procedures attached]** | Wed 02/02/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Tue  03/15/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Tue  03/15/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Tue  03/29/2011 | |
| **DEADLINE for Completing Early Mediation [See Pilot Procedures attached]** | Mon 10/10/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon 10/24/2011 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon 12/05/2011 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon 12/19/2011 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*]. | Mon 12/19/2011 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon 02/06/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon 03/05/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16*] | Mon 03/05/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon 03/12/2012 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon 03/19/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 03/19/2012 | * |
| Trial Date [*See KCLCR 40*]. | Mon 03/26/2012 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**This case schedule is issued pursuant to General Administrative Order of the court, case # 10-2-12050-0 SEA signed on August 13, 2010,** which establishes and regulates the Early Mediation Pilot Project, which impacts cases filed September 2010 through November 2010. Pursuant to the procedures adopted for the Pilot Project, the civil case schedule is modified to add a mediation plan due date and a completion date for mediation, as well as to delete the normal deadline for engaging in Alternative Dispute Resolution.

DATED:   10/05/2010

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

13

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment.  Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

14

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

15

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

## PROCEDURES FOR THE EARLY MEDIATION PILOT PROJECT

**(a) Early Mediation.**  All civil cases, except those identified below, are required to submit to Early Mediation.

1) Family Law;

2) Guardianship and Probate, including matters governed by the Trusts and Estate Dispute Resolution Act ("TEDRA");

3) Cases submitted to Mandatory Arbitration under the Local Rules for Mandatory Arbitration;

4) Trials de novo pursuant to MAR 7.1;

5) Adoption;

6) Receivership;

7) Juvenile Dependency;

8) Condemnation;

9) Administrative Law Review;

10) Land Use Appeal;

11) Appeals from Courts of Limited jurisdiction; and

12) Any case not governed by the Civil Case Schedule as provided in LCR 4(b).

Any party may seek to be exempted from mandatory early mediation by motion, upon establishing extraordinary circumstances and no alternative means of preventing a substantial injustice.  If the request for exemption is denied, the parties shall file their Mediation Plan within 30 days from the date of such denial.

**(b) Early Mediation Plan.**  Within 120 days from the filing of the Complaint, the parties shall jointly file a Mediation Plan.  The Mediation Plan shall contain the following information:  (1) an affirmation that the parties have met and conferred regarding mediation; (2) the date upon which the meet and confer occurred; (3) the mediator agreed upon and selected by the parties; (4) the date(s) upon which the mediation shall take place; (5) the identification of any limited discovery that shall take place prior to the mediation; (6) the identification of issues to be addressed at the mediation, including possible procedures to narrow the claims at issue and discovery in the lawsuit; and (7) a description of written submissions, if any, to be made by the parties to the mediator and the date upon which such submissions shall be made.

**(c) Date of Mediation.**  The mediation must be conducted no later than 120 days before the discovery cutoff date specified in the Order setting the case schedule.

**(d) Mediation Attendees.**  The parties shall personally attend the mediation, unless excused in advance by the mediator.  Each party may also have present any other persons whom they believe will be helpful to achieve settlement.  Parties whose defense is provided by a liability insurance company need not personally attend the mediation, but a representative of the insurer shall attend in person with sufficient authority to bind the insurer to a settlement.

**(e) Mediation Reports.**

*(1) Notice of Settlement.* If a settlement is reached at mediation, the parties shall file a Notice of Settlement in accordance with LCR 41(e).

*(2) Mediation Confirmation Report.* If a complete settlement is not reached, upon completion of the mediation, but no later than ten (10) days after the mediation, the parties shall submit a Mediation Confirmation Report to the court indicating: (A) the date of the mediation; (B) the name of the mediator; (C) the names and titles of all persons present; (D) a statement that the mediation did not result in a complete settlement; and (E) the identification of the settlement of any individual claims or issues. If the parties have determined that further mediation is warranted, the parties shall inform the court of the date and time for the next scheduled mediation and shall identify what, if any, limited discovery shall take place prior to the mediation. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.

**(f) Sanctions for Failure to File Plan.** If a party willfully fails to file an Early Mediation Plan or willfully fails to participate in the mediation, sanctions may be imposed by the court, including dismissal of claims asserted by the party, default judgment, and/or attorney's fees and costs.



# Clerk's Office
# ALERT

## Announcing the Early Mediation Pilot Project

Recognizing the benefits of early settlement, the trustees of the King County Bar Association, based on work of the KCBA's Judiciary and Courts Committee, recommended that King County Superior Court adopt an early mediation requirement for most civil cases. The King County Superior Court has agreed to a pilot project to evaluate the benefits of early mediation.

The pilot project will begin September 2010.  Randomly selected civil cases that would generally receive an 18-month civil case schedule will instead receive a modified case schedule.  The pilot project random selection process will continue approximately 2 months in order to capture 1,800 cases.   This represents 10% of the cases that normally receive the 18 month civil case schedule on an annual basis, which is a statistically significant sample.

The pilot project case schedule is set forth below.  In essence, the pilot project case schedule will add two deadlines:  1) filing a mediation plan 17 weeks after filing; and, 2) completing mediation 21 weeks before trial.  These new deadlines occur before the discovery cut-off deadline.

The KCBA and the Court are hopeful that the proposed early mediation rule will encourage early settlement and reduce the number of cases that settle close to the date of trial, thus providing cost savings to the parties and allowing the Court to focus its resources on the cases that will actually be tried.

See the Pilot Project Procedures, the administrative general order and the model case schedule on the Clerk's Website at http://www.kingcounty.gov/courts/Clerk.aspx

**Sign up to receive Clerk's Office Alerts automatically by e-mail.**  To receive future alerts automatically compose an e-mail message and send e-mail as follows:
          To subscribe, click on the link below and send the email.
To: listserv@lists.kingcounty.gov
Type in the body of the email.  Subscribe clerks-alert-mailing-list
If added to the mailing list successfully you will receive a confirmation notice.

## FOR MORE INFORMATION ON THIS TOPIC CONTACT:
## Barb Miner 296-2910
ISSUED BY:  Barbara Miner, Director and Superior Court Clerk
ISSUE DATE:  August 24, 2010
ISSUE NO:  10-006

1
2
3
4
5
6
7
8

**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**KING COUNTY**

9   CHRISTINA REEVES DUWORS, an              NO. 10-2-35173-6 SEA
    individual, by herself and on behalf of all
10  others similarly situated,                PLAINTIFF'S FIRST SET OF
                                              INTERROGATORIES
11            Plaintiff,

12            v.

13  TRACFONE WIRELESS, INC., a Delaware
    corporation; and WAL-MART STORES,
14  INC., a Delaware corporation;

15            Defendants.

16

17        Plaintiff Christina Reeves Duwors hereby propounds the following interrogatories

18  to Defendant TracFone Wireless, Inc. pursuant to CR 26 and 33.  The interrogatories

19  should be answered in full and the original returned within forty (40) days of the date of

20  service of this request, which accompanies the service of the summons and complaint.  The

21  answers should be provided to the offices of Newman & Newman, Attorneys At Law,

22  LLP, 505 5th Ave. S., Suite 610, Seattle, Washington 98104.  You should respond to each

23  discovery question in accordance with the instructions and definitions set forth below.

24                            **I.    INSTRUCTIONS**

25        1.    Pursuant to CR 26 and 33, You are to answer each of these discovery

26  requests separately and fully, and under oath.

27        2.    For each answer, identify each person who provided any of the information

28  or any documents set forth in the answer and the information or documents that the person

PLAINTIFF'S FIRST SET OF                NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
INTERROGATORIES - 1                     ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
                                                                (206) 274-2800

20

1  provided.

2      3.     In answering these discovery requests, unless otherwise specified, You are to

3  furnish all information known to You at the time of answering, regardless of whether this

4  information is possessed by You or Your employees, agents, representatives, affiliated

5  corporations, investigators, or by Your attorneys or their employees, agents,

6  representatives or investigators.

7      4.     These discovery requests shall, to the fullest extent permitted by law, be

8  deemed continuing, so as to require You, without further request from Plaintiff, to provide

9  supplemental answers within fifteen (15) days of acquiring any additional information,

10 knowledge or belief pertaining to the subject matter of any interrogatory.

11     5.     If You cannot answer any of the following discovery after exercising due

12 diligence to secure the full information to do so, so state and answer to the extent possible,

13 specifying Your inability to respond in full, stating whatever information or knowledge

14 You have concerning the unanswered portion, and detailing what You did in attempting to

15 secure the unknown information.  If You do know the name of a person or entity that may

16 have such information, the name, address, telephone number, and the nature of the

17 information known by such person or entity shall be disclosed in Your answer.

18     6.     If You withhold under a claim of privilege any information or document

19 called for by any discovery request, state the following:

20         a.     the basis for withholding the information;

21         b.     the identity of all persons who possess the information;

22         c.     the date and place of, and the identity of, all persons involved in any

23             communications that bear on the information called for by the

24             discovery request; and

25         d.     in general, the substance of the document.

26     7.     For each and every answer to these discovery requests, state all the facts

27 relied upon, and provide the evidentiary basis (identifying documents, witnesses, and other

28 sources) for each fact identified.

PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

8.      A question that seeks information contained in, information about, or identification of any documents may be answered by providing a copy of such document for inspection without a request for production.

9.      Provide all responsive information for the entire time period specified by an interrogatory. If certain information responsive to a discovery request applies only to part of the period of time specified by the interrogatory, state the dates between which such discovery request applies.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and, the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

11.      Whenever it is necessary to bring within the scope of these interrogatories information that otherwise might be construed to be outside their scope, "any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and, "and" should be understood to include and encompass "or."

12.      The use of the words "include(s)" and "including" should be construed to mean without limitation.

13.      The terms "present" or "presently" refer to the date of service of these interrogatories and shall continue through resolution of this litigation.

14.      The term "discovery request" refers to these interrogatories.

15.      The term "answers" refers to Your answers and/or responses to these interrogatories.

16.      Plaintiff will move to preclude You from presenting evidence regarding responsive matters You have failed to set forth in Your answers.

## II.     DEFINITIONS

Unless the context clearly indicates otherwise, the following words and phrases are

PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

defined and used herein as follows:

1.     The term "communications" includes any and all phone conversations, emails, correspondence, meetings, conferences, instant messaging, text messaging, memoranda, or any record of oral communication.

2.     The term "Consumer" includes any individual or entity who purchases Your Products or services, any individual or entity who possesses Your Products or services, or individual or entity to whom Your Products or services are Issued.

3.     The term "Identify," when used in connection with a person, means to state the person's full current name, to state the person's full current residence address, to state the person's full current business address, to state the person's telephone numbers, and to identify Your Products purchased by the person.

4.     The term "Identify" when used in connection with a Document, means to state the type of Document (e.g., letter, memorandum, note, email, spreadsheet, etc.), date, author, addressee, title, serial or file number, its present location, the name and address of its custodian, and the substance of the contents. If a Document has been destroyed, state when and where it was destroyed, Identify the person who destroyed it, and the person or persons who directed the destruction.

5.     The term "Describe," when used in connection with an act or event, means to state the date of the act or event, to identify each individual participating in or witnessing the act or event, to identify all documents relating to the act or event, and to describe with particularity the sequence of occurrences which constituted the act or event.

6.     The term "Document" has the full extent of its meaning as provided in CR 26 and 34 and includes the original or a copy of the original and any nonidentical copy, regardless of original location, of any recorded, written, printed, typed or other graphic material of any kind, variety, type or character including, by way of example but not limited to, the following: books; records; contracts; agreements; invoices; orders; bills; certificates; bills of sale; bills of lading; correspondence; trip reports; spreadsheets; databases; certificates of title; financing statements; instruments; expense accounts;

PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  canceled checks; bank statements; bank books; receipts; disbursement journals; tax returns;

2  financial statements; check stubs; promissory notes; resumes; address books; appointment

3  books; telephone logs; worksheets; pictures; income statements; profit and loss statements;

4  balance statements; deposit slips; credit card receipts; records or notations of telephone or

5  personal conversations; conferences; intra office communications; interoffice

6  communications; postcards; letters; telexes; partnership agreements; articles of

7  incorporation; mailing lists; catalog price lists; sound, tape and video records; memoranda

8  (including written memoranda of telephone conversation, other conversations, discussions,

9  agreements, acts and activities); minutes, manuals, diaries; calendar or deskpads;

10 scrapbooks; notebooks; correspondence; meetings; instant messaging; text messaging; any

11 record of oral communications; bulletins; circulars; polices; forms; pamphlets; notices;

12 statements; journals; letters; telegrams; reports; photostats; microfilm; microfiche; maps;

13 deposition transcripts; email messages; drawings; blueprints; photographs; negatives; and

14 any other data, information, or statistics contained within any data storage modules, tapes,

15 discs or any other memory device (including on any computer) or any other information

16 retrievable on storage systems, including computer-generated reports and printouts.  When

17 identifying a document, state the type of document (e.g., letter, memorandum, note, email,

18 spreadsheet, etc.), date, author, addressee, title, serial or file number, its present location,

19 the name and address of its custodian, and the substance of the contents.  If a document has

20 been destroyed, state when and where it was destroyed, identify the person who destroyed

21 it, and the person or persons who directed the destruction.

22      7.     The term "Issue" means market, advertise, manufacture, distribute, sell,

23 license to sell, or otherwise provide.

24      8.     The term "person" includes individuals and entities.  When identifying a

25 person or non-corporate entity, including but not limited to any partnership, joint venture,

26 sole proprietorship or any other unincorporated association, state the person or entity's full

27 name, last known address, and last known office and home telephone numbers.  Once a

28 person or entity has been identified in accordance with this paragraph, only the name of

1   that person or entity need be listed in answer to subsequent answers requesting the

2   identification of that person or entity.  When identifying a corporation, limited liability

3   company, or other business entity (each, an "entity"), state the entity's name, last known

4   address, last known telephone number, state of organization, date of formation, date of

5   dissolution (if applicable), and all names under which the entity has done business.  Once

6   an entity has been identified in accordance with this paragraph, only the name of that entity

7   need be listed in answer to subsequent answers identifying that entity.

8        9.       The phrase "relating to" means consisting of, summarizing, describing,

9   reflecting, or referring to in any way.

10       10.      The term "Statement" includes any statement made by You, including but

11  not limited to any electronic mail messages (e-mails), paper documents, press releases and

12  statements made via the Internet.

13       11.      The terms "You" and "Your" means TracFone, its managers, officers,

14  directors, affiliates, subsidiaries, corporate parents and any predecessors or successors in

15  interest.

16       12.      The term "Your Products" means any good or service Issued by You, on

17  Your behalf or in association in any way with Your brands, including but not limited to

18  TracFone, NET10, Safelink Wireless, Straight Talk, and Senior Value Cellphone.

19       13.      The term "Phone Card" means any pre-paid phone card, usage card, gift

20  certificate, gift card, service card, and/or airtime card Issued by You, on Your behalf or in

21  association in any way with Your brands.

### III.    INTERROGATORIES

22

23

24  **INTERROGATORY NO. 1:**  Describe all transactions involving the Issuance of

25  Your Products in Washington.

26  **ANSWER:**

27

28

PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1

2

3

4   **INTERROGATORY NO. 2:**  If You deny any request for admission in Plaintiff's

5   First Set of Requests for Admission, state all facts and Identify all documents that

6   support Your denial.

7   **ANSWER:**

8

9

10

11

12   DATED this 6th day of October 2010.

13

14                                   **NEWMAN & NEWMAN,**
                                     **ATTORNEYS AT LAW, LLP**
15

16                          By:  _____
17                               Derek Linke, WSBA # 38314
                                 Derek A. Newman, WSBA # 26967
18                               Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 7                    NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
                                       ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
                                                               (206) 274-2800

24

1
2
3
4
5
6
7
8

**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**KING COUNTY**

9   CHRISTINA REEVES DUWORS, an individual,    NO. 10-2-35173-6 SEA
10  by herself and on behalf of all others similarly
    situated,                                  PLAINTIFF'S FIRST SET OF
11                                              REQUESTS FOR ADMISSION TO
            Plaintiff,                          DEFENDANT TRACFONE
12                                              WIRELESS, INC.
            v.
13
    TRACFONE WIRELESS, INC., a Delaware
14  corporation; and WAL-MART STORES, INC., a
    Delaware corporation;
15
            Defendants.
16

17          Pursuant to CR 26 and 36, Plaintiff Christina Reeves Duwors request that

18   Defendant TracFone Wireless, Inc. answer by admitting the truthfulness of the matters set

19   forth below, within forty (40) days of service of summons and complaint.  The answers

20   should be provided to the offices of Newman & Newman, Attorneys At Law, LLP, 505 5th

21   Ave. S., Suite 610, Seattle, Washington 98104.

22                      **I      INSTRUCTIONS**

23          1.      Pursuant to CR 26 and 36, You are to answer each of these discovery

24   requests separately and fully, and under oath.

25          2.      These discovery requests shall, to the fullest extent permitted by law, be

26   deemed continuing, so as to require You, without further request from Plaintiff, to provide

27   supplemental answers within fifteen (15) days of acquiring any additional information,

28   knowledge or belief pertaining to the subject matter of any request for admission.

PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

3.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and, the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

4.     Whenever it is necessary to bring within the scope of these requests for admission information that otherwise might be construed to be outside their scope, "any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and, "and" should be understood to include and encompass "or."

5.     The use of the words "include(s)" and "including" should be construed to mean without limitation.

6.     The terms "present" or "presently" refer to the date of service of these requests for admission and shall continue through resolution of this litigation.

7.     The term "discovery request" refers to these requests for admission.

8.     The term "answers" refers to Your answers and/or responses to these requests for admission.

9.     Plaintiff will move to preclude You from presenting evidence regarding responsive matters You have failed to set forth in Your answers.

## II.     DEFINITIONS

Unless the context clearly indicates otherwise, the following words and phrases are defined and used herein as follows:

1.     The term "communications" includes any and all phone conversations, emails, correspondence, meetings, conferences, instant messaging, text messaging, memoranda, or any record of oral communication.

2.     The term "Consumer" includes any individual or entity who purchases Your Products or services, any individual or entity who possesses Your Products or services, or individual or entity to whom Your Products or services are Issued.

3.      The term "Identify," when used in connection with a person, means to state the person's full current name, to state the person's full current residence address, to state the person's full current business address, to state the person's telephone numbers, and to identify Your Products purchased by the person.

4.      The term "Identify" when used in connection with a Document, means to state the type of Document (e.g., letter, memorandum, note, email, spreadsheet, etc.), date, author, addressee, title, serial or file number, its present location, the name and address of its custodian, and the substance of the contents. If a Document has been destroyed, state when and where it was destroyed, Identify the person who destroyed it, and the person or persons who directed the destruction.

5.      The term "Describe," when used in connection with an act or event, means to state the date of the act or event, to identify each individual participating in or witnessing the act or event, to identify all documents relating to the act or event, and to describe with particularity the sequence of occurrences which constituted the act or event.

6.      The term "Document" has the full extent of its meaning as provided in CR 26 and 34 and includes the original or a copy of the original and any nonidentical copy, regardless of original location, of any recorded, written, printed, typed or other graphic material of any kind, variety, type or character including, by way of example but not limited to, the following: books; records; contracts; agreements; invoices; orders; bills; certificates; bills of sale; bills of lading; correspondence; trip reports; spreadsheets; databases; certificates of title; financing statements; instruments; expense accounts; canceled checks; bank statements; bank books; receipts; disbursement journals; tax returns; financial statements; check stubs; promissory notes; resumes; address books; appointment books; telephone logs; worksheets; pictures; income statements; profit and loss statements; balance statements; deposit slips; credit card receipts; records or notations of telephone or personal conversations; conferences; intra office communications; interoffice communications; postcards; letters; telexes; partnership agreements; articles of incorporation; mailing lists; catalog price lists; sound, tape and video records; memoranda

PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800



1  (including written memoranda of telephone conversation, other conversations, discussions,

2  agreements, acts and activities); minutes, manuals, diaries; calendar or deskpads;

3  scrapbooks; notebooks; correspondence; meetings; instant messaging; text messaging; any

4  record of oral communications; bulletins; circulars; polices; forms; pamphlets; notices;

5  statements; journals; letters; telegrams; reports; photostats; microfilm; microfiche; maps;

6  deposition transcripts; email messages; drawings; blueprints; photographs; negatives; and

7  any other data, information, or statistics contained within any data storage modules, tapes,

8  discs or any other memory device (including on any computer) or any other information

9  retrievable on storage systems, including computer-generated reports and printouts.  When

10  identifying a document, state the type of document (e.g., letter, memorandum, note, email,

11  spreadsheet, etc.), date, author, addressee, title, serial or file number, its present location,

12  the name and address of its custodian, and the substance of the contents.  If a document has

13  been destroyed, state when and where it was destroyed, identify the person who destroyed

14  it, and the person or persons who directed the destruction.

15      7.    The term "Issue" means market, advertise, manufacture, distribute, sell,

16  license to sell, or otherwise provide.

17      8.    The term "person" includes individuals and entities.  When identifying a

18  person or non-corporate entity, including but not limited to any partnership, joint venture,

19  sole proprietorship or any other unincorporated association, state the person or entity's full

20  name, last known address, and last known office and home telephone numbers.  Once a

21  person or entity has been identified in accordance with this paragraph, only the name of

22  that person or entity need be listed in answer to subsequent answers requesting the

23  identification of that person or entity.  When identifying a corporation, limited liability

24  company, or other business entity (each, an "entity"), state the entity's name, last known

25  address, last known telephone number, state of organization, date of formation, date of

26  dissolution (if applicable), and all names under which the entity has done business.  Once

27  an entity has been identified in accordance with this paragraph, only the name of that entity

28  need be listed in answer to subsequent answers identifying that entity.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    9.    The phrase "relating to" means consisting of, summarizing, describing,

2    reflecting, or referring to in any way.

3    10.    The term "Statement" includes any statement made by You, including but

4    not limited to any electronic mail messages (e-mails), paper documents, press releases and

5    statements made via the Internet.

6    11.    The terms "You" and "Your" means TracFone, its managers, officers,

7    directors, affiliates, subsidiaries, corporate parents and any predecessors or successors in

8    interest.

9    12.    The term "Your Products" means any good or service Issued by You, on

10    Your behalf or in association in any way with Your brands, including but not limited to

11    TracFone, NET10, Safelink Wireless, Straight Talk, and Senior Value Cellphone.

12    13.    The term "Phone Card" means any pre-paid phone card, usage card, gift

13    certificate, gift card, service card, and/or airtime card Issued by You, on Your behalf or in

14    association in any way with Your brands.

15    14.    The term "Wal-Mart" means Defendant Wal-Mart Stores, Inc., its corporate

16    parents, subsidiaries, affiliates, predecessors and successors in interest and their officers,

17    directors and employees.

18    **III.    REQUESTS FOR ADMISSION**

19    REQUEST FOR ADMISSION NO. 1:    Admit that You Issue Phone Cards in

20    association with the brand Straight Talk.

21    RESPONSE:

22

23    REQUEST FOR ADMISSION NO. 2:    Admit that a Phone Card may be used to

24    obtain service with a Straight Talk brand phone.

25    RESPONSE:

26

27

28

PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

REQUEST FOR ADMISSION NO. 3:    Admit that a Phone Card is an instrument evidencing a promise that Your Products will be provided for the value or service shown on the face of the Phone Card.

RESPONSE:

REQUEST FOR ADMISSION NO. 4:    Admit that a Phone Card is a card, a stored value card, or other physical medium, containing stored value primarily intended to be exchanged for Your Products.

RESPONSE:

REQUEST FOR ADMISSION NO. 5:    Admit that the $30/30 Service Day Plan Phone Card Issued under the Straight Talk brand decreases in value as the Consumer uses the minutes and/or text messages and/or mobile web access.

RESPONSE:

REQUEST FOR ADMISSION NO. 6:    Admit that a Phone Card for the $30/30 Service Day Plan Issued under the Straight Talk brand provides for a one year expiration date from the date of purchase.

RESPONSE:

REQUEST FOR ADMISSION NO. 7:    Admit that You reserve the right to charge additional fees, charges and/ or surcharges to recover the cost of complying with regulations and E911 laws associated with your Phone Cards.

RESPONSE:

PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

32

1    REQUEST FOR ADMISSION NO. 8:    Admit that the value or credit on a Phone

2 Card is forfeited if not used within a period of time.

3    RESPONSE:

4

5    REQUEST FOR ADMISSION NO. 9:    Admit that in order to maintain active

6 service, a Phone Card must be periodically refilled.

7    RESPONSE:

8

9    REQUEST FOR ADMISSION NO. 10:   Admit that You do not provide Consumers

10 with notice of the arbitration clause contained within the terms and conditions of service

11 displayed on Your websites at <<http://straighttalk.com>> and <<http://tracfone.com>> at

12 the time a Consumer purchases a Phone Card.

13    RESPONSE:

14

15    REQUEST FOR ADMISSION NO. 11:   Admit that Phone Cards expire if not

16 activated within some time period after purchase.

17    RESPONSE:

18

19

20    DATED this 6th day of October 2010.

21

22                              NEWMAN & NEWMAN,
                                ATTORNEYS AT LAW, LLP

23

24              By: _____

25                  Derek Linke, WSBA # 38314
                    Derek A. Newman, WSBA # 26967

26              Attorneys for Plaintiff

27

28

PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

33

1
2
3
4
5
6
7
8

**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**KING COUNTY**

9

CHRISTINA REEVES DUWORS, an individual, by herself and on behalf of all others similarly situated,

NO. 10-2-35173-6 SEA

10

11
Plaintiff,

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT TRACFONE WIRELESS, INC.

12
v.

13
TRACFONE WIRELESS, INC., a Delaware corporation; and WAL-MART STORES, INC., a Delaware corporation;

14

15
Defendants.

16

17       Plaintiff Christina Reeves Duwors hereby propounds the following requests for

18   production to Defendant TracFone Wireless, Inc. pursuant to CR 26 and 34.  The requests

19   for production should be responded to in full and the original returned to this office within

20   forty (40) days of the date of service of this request, which accompanies the service of the

21   summons and complaint.  The responses should be provided to the offices of Newman &

22   Newman, Attorneys At Law, LLP, 505 5th Ave. S., Suite 610, Seattle, Washington 98104.

23   You should respond to each discovery question in accordance with the instructions and

24   definitions set forth below.

25                        **I.    INSTRUCTIONS**

26       1.      Pursuant to CR 26 and 34, You are to respond to each of these discovery

27   requests separately and fully, and under oath.

28       2.      For each response, identify each person who provided any of the information

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  or any documents set forth in the response and the information or documents that the

2  person provided.

3      3.      In responding these discovery requests, unless otherwise specified, You are

4  to furnish all information known to You at the time of responding, regardless of whether

5  this information is possessed by You or Your employees, agents, representatives, affiliated

6  corporations, investigators, or by Your attorneys or their employees, agents,

7  representatives or investigators.

8      4.      These discovery requests shall, to the fullest extent permitted by law, be

9  deemed continuing, so as to require You, without further request from Plaintiff, to provide

10  supplemental responses within fifteen (15) days of acquiring any additional information,

11  knowledge or belief pertaining to the subject matter of any request for production.

12      5.      If You cannot respond to any of the following discovery after exercising due

13  diligence to secure the full information to do so, so state and respond to the extent possible,

14  specifying Your inability to respond in full, stating whatever information or knowledge

15  You have concerning the unanswered portion, and detailing what You did in attempting to

16  secure the unknown information. If You do know the name of a person or entity that may

17  have such information, the name, address, telephone number, and the nature of the

18  information known by such person or entity shall be disclosed in Your response.

19      6.      If You withhold under a claim of privilege any information or document

20  called for by any discovery request, state the following:

21          a.      the basis for withholding the information;

22          b.      the identity of all persons who possess the information;

23          c.      the date and place of, and the identity of, all persons involved in any

24                  communications that bear on the information called for by the

25                  discovery request; and

26          d.      in general, the substance of the document.

27      7.      For each and every response to these discovery requests, state all the facts

28  relied upon, and provide the evidentiary basis (identifying documents, witnesses, and other

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

sources) for each fact identified.

8.  A question that seeks information contained in, information about, or identification of any documents may be responded to by providing a copy of such document for inspection without a request for production.

9.  Provide all responsive information for the entire time period specified by a request for production. If certain information responsive to a discovery request applies only to part of the period of time specified by the request for production, state the dates between which such discovery request applies.

10.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and, the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

11.  Whenever it is necessary to bring within the scope of this request for production information that otherwise might be construed to be outside their scope, "any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and, "and" should be understood to include and encompass "or."

12.  The use of the words "include(s)" and "including" should be construed to mean without limitation.

13.  The terms "present" or "presently" refer to the date of service of this discovery request and shall continue through resolution of this litigation.

14.  The term "discovery request" refers to this request for production.

15.  The term "responses" refers to Your responses and/or answers to this request for production.

16.  Plaintiff will move to preclude You from presenting evidence regarding responsive matters You have failed to set forth in Your response.

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## II.    DEFINITIONS

Unless the context clearly indicates otherwise, the following words and phrases are defined and used herein as follows:

1.    The term "communications" includes any and all phone conversations, emails, correspondence, meetings, conferences, instant messaging, text messaging, memoranda, or any record of oral communication.

2.    The term "Consumer" includes any individual or entity who purchases Your Products or services, any individual or entity who possesses Your Products or services, or individual or entity to whom Your Products or services are Issued.

3.    The term "Identify," when used in connection with a person, means to state the person's full current name, to state the person's full current residence address, to state the person's full current business address, to state the person's telephone numbers, and to identify Your Products purchased by the person.

4.    The term "Identify" when used in connection with a Document, means to state the type of Document (e.g., letter, memorandum, note, email, spreadsheet, etc.), date, author, addressee, title, serial or file number, its present location, the name and address of its custodian, and the substance of the contents. If a Document has been destroyed, state when and where it was destroyed, Identify the person who destroyed it, and the person or persons who directed the destruction.

5.    The term "Describe," when used in connection with an act or event, means to state the date of the act or event, to identify each individual participating in or witnessing the act or event, to identify all documents relating to the act or event, and to describe with particularity the sequence of occurrences which constituted the act or event.

6.    The term "Document" has the full extent of its meaning as provided in CR 26 and 34 and includes the original or a copy of the original and any nonidentical copy, regardless of original location, of any recorded, written, printed, typed or other graphic material of any kind, variety, type or character including, by way of example but not limited to, the following: books; records; contracts; agreements; invoices; orders; bills;

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   certificates; bills of sale; bills of lading; correspondence; trip reports; spreadsheets;

2   databases; certificates of title; financing statements; instruments; expense accounts;

3   canceled checks; bank statements; bank books; receipts; disbursement journals; tax returns;

4   financial statements; check stubs; promissory notes; resumes; address books; appointment

5   books; telephone logs; worksheets; pictures; income statements; profit and loss statements;

6   balance statements; deposit slips; credit card receipts; records or notations of telephone or

7   personal conversations; conferences; intra office communications; interoffice

8   communications; postcards; letters; telexes; partnership agreements; articles of

9   incorporation; mailing lists; catalog price lists; sound, tape and video records; memoranda

10   (including written memoranda of telephone conversation, other conversations, discussions,

11   agreements, acts and activities); minutes, manuals, diaries; calendar or deskpads;

12   scrapbooks; notebooks; correspondence; meetings; instant messaging; text messaging; any

13   record of oral communications; bulletins; circulars; polices; forms; pamphlets; notices;

14   statements; journals; letters; telegrams; reports; photostats; microfilm; microfiche; maps;

15   deposition transcripts; email messages; drawings; blueprints; photographs; negatives; and

16   any other data, information, or statistics contained within any data storage modules, tapes,

17   discs or any other memory device (including on any computer) or any other information

18   retrievable on storage systems, including computer-generated reports and printouts.  When

19   identifying a document, state the type of document (e.g., letter, memorandum, note, email,

20   spreadsheet, etc.), date, author, addressee, title, serial or file number, its present location,

21   the name and address of its custodian, and the substance of the contents.  If a document has

22   been destroyed, state when and where it was destroyed, identify the person who destroyed

23   it, and the person or persons who directed the destruction.

24        7.    The term "Issue" means market, advertise, manufacture, distribute, sell,

25   license to sell, or otherwise provide.

26        8.    The term "person" includes individuals and entities.  When identifying a

27   person or non-corporate entity, including but not limited to any partnership, joint venture,

28   sole proprietorship or any other unincorporated association, state the person or entity's full

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 5

Newman & Newman,
Attorneys at Law, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   name, last known address, and last known office and home telephone numbers.  Once a

2   person or entity has been identified in accordance with this paragraph, only the name of

3   that person or entity need be listed in answer to subsequent answers requesting the

4   identification of that person or entity.  When identifying a corporation, limited liability

5   company, or other business entity (each, an "entity"), state the entity's name, last known

6   address, last known telephone number, state of organization, date of formation, date of

7   dissolution (if applicable), and all names under which the entity has done business.  Once

8   an entity has been identified in accordance with this paragraph, only the name of that entity

9   need be listed in answer to subsequent answers identifying that entity.

10       9.      The phrase "relating to" means consisting of, summarizing, describing,

11   reflecting, or referring to in any way.

12       10.     The term "Statement" includes any statement made by You, including but

13   not limited to any electronic mail messages (e-mails), paper documents, press releases and

14   statements made via the Internet.

15       11.     The terms "You" and "Your" means TracFone, its managers, officers,

16   directors, affiliates, subsidiaries, corporate parents and any predecessors or successors in

17   interest.

18       12.     The term "Your Products" means any good or service Issued by You, on

19   Your behalf or in association in any way with Your brands, including but not limited to

20   TracFone, NET10, Safelink Wireless, Straight Talk, and Senior Value Cellphone.

21       13.     The term "Phone Card" means any pre-paid phone card, usage card, gift

22   certificate, gift card, service card, and/or airtime card Issued by You, on Your behalf or in

23   association in any way with Your brands.

24       14.     The term "Wal-Mart" means Defendant Wal-Mart Stores, Inc., its corporate

25   parents, subsidiaries, affiliates, predecessors and successors in interest and their officers,

26   directors and employees.

27

28

39

1  ### III.   REQUESTS FOR PRODUCTION

2  **REQUEST FOR PRODUCTION NO. 1:**  Produce all documents relating to the

3  unused value or credit associated with Phone Cards Issued in Washington.

4  **RESPONSE:**

5

6

7

8

9  **REQUEST FOR PRODUCTION NO. 2:**  Produce all documents relating to the

10  Issuance of Phone Cards in Washington.

11  **RESPONSE:**

12

13

14

15

16  **REQUEST FOR PRODUCTION NO. 3:**  Produce all Communications between

17  You and Wal-Mart relating in any way to Your Products.

18  **RESPONSE:**

19

20

21

22

23

24  **REQUEST FOR PRODUCTION NO. 4:**  Produce all documents relating to the

25  Issuance of Phone Cards in Washington through online retail sites.

26  **RESPONSE:**

27

28

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

40

1    **REQUEST FOR PRODUCTION NO. 5:**  Produce all documents relating to the

2    accounting for or of the amount of value or credit existing on or expiring from Phone

3    Cards Issued in Washington.

4    **RESPONSE:**

5

6

7

8    **REQUEST FOR PRODUCTION NO. 6:**  Produce all documents relating to the

9    expiration or lapsing of value or credit on Phone Cards based on dormancy or inactivity.

10    **RESPONSE:**

11

12

13

14    **REQUEST FOR PRODUCTION NO. 7:**  Produce all documents relating to the

15    identity of all Consumers in Washington.

16    **RESPONSE:**

17

18

19

20    **REQUEST FOR PRODUCTION NO. 8:**  Produce all documents relating to

21    revenues generated in association in any way with Your Products.

22    **RESPONSE:**

23

24

25

26

27

28

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 8

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    DATED this 6th day of October, 2010.

2

3                        NEWMAN & NEWMAN,
                         ATTORNEYS AT LAW, LLP

4

5        By: _____

6            Derek Linke, WSBA # 38314
             Derek A. Newman, WSBA # 26967

7

8            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION - 9          NEWMAN & NEWMAN,          505 Fifth Ave. S., Ste. 610
                                        ATTORNEYS AT LAW, LLP      Seattle, Washington 98104
                                                                    (206) 274-2800

42

1

2

3

4

5

6

7

8

9

The Honorable Richard F. McDermott

### SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 10 CHRISTINA REEVES DUWORS, an individual, by herself and on behalf of all others similarly situated, | NO. 10-2-35173-6 SEA |
| 11 | **FIRST AMENDED CLASS** |
| 12 Plaintiff, | **ACTION COMPLAINT FOR** |
| | **DAMAGES AND INJUNCTIVE** |
| 13 v. | **AND DECLARATORY RELIEF** |
| 14 | **JURY TRIAL DEMANDED** |
| 15 TRACFONE WIRELESS, INC., a Delaware corporation; and WAL-MART STORES, INC., a Delaware corporation; | |
| 16 | |
| 17 Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT - i

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

43

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1

II.    PARTIES ....................................................................................1

III.   JURISDICTION AND VENUE ...................................................1

IV.   FACTS ........................................................................................2

V.     CLASS ACTION ALLEGATIONS ...........................................4

VI.   FIRST CAUSE OF ACTION
       (Gift Certificate Violations under RCW Ch. 19.240) .................8

VII.   SECOND CAUSE OF ACTION
       (Declaratory Relief—No Binding Agreement Between TracFone and
       Consumers) ...............................................................................9

VIII. THIRD CAUSE OF ACTION
       (Violations of the Washington Consumer Protection Act, RCW 19.86.020) ...10

IX.   FOURTH CAUSE OF ACTION
       (Unjust Enrichment) ...............................................................11

X.     PRAYER FOR RELIEF ...........................................................11

XI.   JURY DEMAND ......................................................................12

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I.   INTRODUCTION

1.   Plaintiff Christina Duwors brings this cause of action individually and on behalf of a class of similarly-situated persons against Defendant TracFone Wireless, Inc. and Wal-Mart Stores, Inc. for selling pre-paid cell phone service gift cards which expire in violation of RCW § 19.240.010 *et seq.*, and other laws.

## II.   PARTIES

2.   Plaintiff Christina Duwors is a consumer who purchased a TracFone pre-paid cell phone service gift card at a Wal-Mart store in Washington State.

3.   Defendant TracFone Wireless, Inc. (hereinafter "TracFone") is a Delaware corporation with its principal place of business in Miami, Florida.

4.   Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

## III.   JURISDICTION AND VENUE

5.   This Court has original jurisdiction over the subject matter of this action pursuant to RCW § 2.08.010.

6.   This Court has personal jurisdiction over TracFone and Wal-Mart pursuant to RCW 4.28.185(a) because the causes of action alleged herein arise out of TracFone's and Wal-Mart's transaction of business in Washington, namely the sale of TracFone prepaid cell phone service gift cards in Washington.

7.   This Court has personal jurisdiction over TracFone and Wal-Mart pursuant to RCW 4.28.185(b) because TracFone and Wal-Mart committed the tortious acts complained of herein in Washington.

8.   This Court also has personal jurisdiction over TracFone because TracFone has continuous and systematic contacts with Washington. TracFone regularly sells mobile phones and related services to Washington consumers. On its website located at <<http://www.tracfone.com>>, TracFone boasts that it is America's largest "No-Contract" cellular service provider in the US with over 15 million subscribers. Defendant TracFone provides a substantial amount of products and services to Washington

FIRST AMENDED COMPLAINT - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

consumers through its online retail websites located at <<http://www.tracfone.com>> and <<http://www.straighttalk.com>>. Defendant TracFone is the exclusive provider of pre-paid cell phone products and services in all of Wal-Mart's retail stores in Washington.

9.      This Court also has personal jurisdiction over Wal-Mart because Wal-Mart has continuous and systematic contacts with Washington. Defendant Wal-Mart provides a substantial amount of products and services to Washington consumers through its website located at <<http://www.walmart.com>>. Defendant Wal-Mart operates approximately forty seven retail stores in Washington.

10.      Venue is proper in King County pursuant to RCW § 4.12.025(1)(a) because TracFone and Walmart do business in King County.

11.      Over 90% of the putative members of the Class are citizens of the state of Washington. The amount in controversy on Plaintiff's individual claim is less than $75,000.

12.      The total amount in controversy for all Class members' claims in this action, including recoverable damages and penalties, is less than $5,000,000, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332(d).

## IV.   FACTS

13.      TracFone sells prepaid no-contract service cards ("Phone Cards") for use with its Straight Talk-brand mobile phones. The Phone Cards are available to purchase in varying dollar values (i.e., a $20 card, a $30 card, etcetera).

14.      TracFone is a provider of prepaid mobile phone services in Wal-Mart's Washington retail stores.

15.      A customer may use a TracFone Phone Card to obtain service with a Straight Talk phone. The value on the Phone Card decreases as the consumer uses the phone.

16.      However, to activate service, a consumer who purchases a TracFone Phone Card must first call a 1-800 number and key in a unique pin number affixed to that Phone Card.

FIRST AMENDED COMPLAINT - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

17.     If a consumer does not activate her Phone Card within one year of purchase, the Phone Card expires and all of the value on the Phone Card is no longer available to the consumer.

18.     In order to maintain active service, the customer must refill her Phone Card within thirty days of activation.

19.     Any unused value at the time of refilling the customer's Phone Card are forfeited by the customer.

20.     Plaintiff purchased a TracFone Phone Card from a Wal-Mart retail location in Washington.

21.     The following is a true and correct copy of the TracFone Phone Card Plaintiff purchased:




22.     Plaintiff is informed and believes, and on that basis alleges, that TracFone and/or Wal-Mart assert that her purchase of a Phone Card compels her to comply with an arbitration clause located on TracFone's website (the "Arbitration Clause").

23.     Plaintiff is informed and believes, and on that basis alleges, that the

FIRST AMENDED COMPLAINT - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   Arbitration Clause purports to deprive her of the right to seek redress for TracFone's

2   misconduct through a class action, and that it requires her to bear the costs of arbitrating

3   her claims against TracFone in a jurisdiction other than where she was actually injured.

4        24.    Plaintiff had no knowledge or reason to know of the Arbitration Clause at

5   the time she purchased the Phone Card and she did not negotiate the arbitration clause or

6   have a meaningful opportunity to do so.

7        25.    Even if Plaintiff had the opportunity to negotiate the Arbitration Clause, she

8   would have been unable to do so, as her bargaining power is greatly outweighed by

9   Defendants' bargaining power.

10       26.    To the extent that the Arbitration Clause constitutes a binding, valid

11  contractual obligation, it is a contractual obligation of adhesion, and the manner in which

12  it was formed was procedurally unconscionable.

13       27.    The Arbitration Clause is also substantively unconscionable as it is harsh,

14  unfair, burdensome, shocking to the conscience, and effectively deprives Plaintiff of any

15  rights of redress against Defendants for their misconduct and any due process opportunity

16  to be heard by an unbiased tribunal.

17       28.    TracFone attempts to use the mandatory arbitration and class action waiver

18  provisions to shield itself from customers' use of the judicial system to seek redress for

19  its improper conduct. In TracFone were successful in this regard, the waiver would

20  virtually immunize TracFone from responsibility for its misconduct. Such waivers are

21  unconscionable under Washington law and should not be enforced.

22           V.     CLASS ACTION ALLEGATIONS

23       29.    Plaintiff brings this suit as a class action pursuant to CR 23(a), (b)(1),

24  (b)(2), (b)(3) and/or (c)(4)(A), on behalf of herself and the following Class comprised of:

25       All persons who purchased a TracFone prepaid mobile card in Washington
         State.
26

27       30.    Excluded from the Class are: (a) TracFone, any entity in which TracFone

28  has a controlling interest or which has a controlling interest in TracFone; (b) Wal-Mart,

FIRST AMENDED COMPLAINT - 4           NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
                                      ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
                                                             (206) 274-2800

1    any entity in which Wal-Mart has a controlling interest or which has a controlling interest

2    in Wal-Mart (c) TracFone's employees, agents, predecessors, successors or assigns; (d)

3    Wal-Mart's employees, agents, predecessors, successors or assigns; (e) Plaintiff's

4    attorneys and any member of Plaintiff's attorneys' immediate family; and (f) the judge

5    and staff to whom this case is assigned, and any member of the judge's immediate

6    family.

7        31.   Plaintiff reserves the right to modify this class definition prior to moving

8    for class certification.

9        32.   This action has been brought and may be properly maintained as a class

10    action pursuant to CR 23 for the following reasons:

11           a.   The Class is ascertainable and there is a well-defined community of

12               interest among the members of the Class because all Class members

13               purchased TracFone Phone Cards.

14           b.   On information and belief, there are a minimum of 100 members of

15               the Class residing in different counties of the state of Washington

16               including Kitsap County. Membership in the Class is so numerous

17               and geographically dispersed as to make it impractical to bring all

18               members of the Class before the Court because the identity and exact

19               number of members of the Class is currently unknown but is

20               estimated to be well in excess of 100.

21           c.   Plaintiff's claims are typical of those of other members of the Class,

22               all of whom have suffered harm due to TracFone's and Wal-Mart's

23               course of conduct as alleged herein.

24           d.   Plaintiff is a member of the Class because she purchased a TracFone

25               Phone Card.

26           e.   There are numerous and substantial questions of law and fact

27               common to all members of the Class that control this litigation and

28               predominate over any individual questions pursuant to CR 23(b)(3).

FIRST AMENDED COMPLAINT - 5

The common issues include, but are not limited to, the following:

    i.     Whether TracFone issues or issued Phone Cards with value that automatically expires;

    ii.    Whether Wal-Mart sells or sold Phone Cards with value that automatically expires;

    iii.   Whether the conduct of TracFone and/or Wal-Mart constitutes or constituted unfair acts or practices under the Washington CPA;

    iv.   Whether TracFone's and/or Wal-Mart's unfair conduct was or is committed in the course of their business;

    v.    Whether TracFone's and/or Wal-Mart's unfair conduct causes or caused damage and injury to Plaintiff and the other members of the Class;

    vi.   Whether TracFone and/or Wal-Mart have been unjustly enriched by receiving money by selling prepaid Phone Cards with value that automatically expired; and

    vii.  The measure of equitable/injunctive relief or amount of damages that TracFone and/or Wal-Mart should be required to pay as a result of their actionable conduct.

f.    These and other questions of law and fact are common to the members of the Class and predominate over any individual questions affecting the Class.

g.    Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent herself and the Class.

h.    Without a class action lawsuit, the Class will continue to suffer damage, TracFone's and/or Wal-Mart's violations of the law or laws

FIRST AMENDED COMPLAINT - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

will continue without remedy, and TracFone and/or Wal-Mart will continue to enjoy the fruits and proceeds of their unlawful conduct.

i.   Given (1) the substantive complexity of this litigation; (2) the size of individual Class members' claims; and (3) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs TracFone and/or Wal-Mart have committed against them.

j.   This action will foster an orderly and expeditious administration of Class claims, will economize time, effort and expense, and will result in uniformity of decision because all matters will be resolved at one time with a minimum of legal fees and judicial resources.

k.   This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best and/or the only available means by which members of the Class can seek legal redress for the harm caused by TracFone and/or Wal-Mart.

33.   The various claims asserted in this action are additionally or alternatively certifiable under the provisions of CR 23(b)(1) or 23(b)(2) because:

a.   The prosecution of separate actions by hundreds of individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for TracFone and/or Wal-Mart;

b.   The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Class members to protect their interests; and

FIRST AMENDED COMPLAINT - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    c.    TracFone and/or Wal-Mart have acted or refused to act on grounds

2          generally applicable to the entire Class, thereby making appropriate

3          final declaratory and injunctive relief with respect to the Class as a

4          whole. The claims brought by Plaintiff and the other members of the

5          Class all arise from substantially similar sets of facts and from

6          TracFone's and/or Wal-Mart's identical course of conduct.

7    34.   The issues common to the Class members' claims, some of which are

8    identified above, are alternatively certifiable pursuant to CR 23(c)(4) as resolution of

9    these issues would materially advance the litigation, and class resolution of these issues is

10   superior to repeated litigation of these issues in separate trials.

11
                        **VI.    FIRST CAUSE OF ACTION**
12                  **(Gift Certificate Violations under RCW Ch. 19.240)**

13   35.   Plaintiff incorporates by reference Paragraphs 1 through 34 above as

14   though fully set forth herein.

15   36.   TracFone and Wal-Mart sell Phone Cards throughout Washington State.

16   37.   Phone Cards are instruments containing value or credit in various amounts.

17   38.   The value or credit associated with Phone Cards is primarily intended to be

18   exchanged for consumer services in the form of cellular phone service.

19   39.   The Phone Cards automatically expire one year after purchase unless

20   activated by the purchaser in violation of RCW 19.240.020(1)(a).

21   40.   Whether activated or not, Phone Cards are not returnable or redeemable for

22   any value.

23   41.   Once a Phone Card is activated, it must be reloaded every thirty (30) days.

24   42.   When a consumer reloads value onto a Phone Card, any previously

25   remaining balance is forfeited. Such mandatory forfeiture constitutes a fee in violation of

26   RCW 19.240.020(1)(b).

27   43.   Plaintiff purchased a TracFone Phone Card from Wal-Mart in Washington

28   State.

FIRST AMENDED COMPLAINT - 8

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

52

## VII.   SECOND CAUSE OF ACTION
**(Declaratory Relief—No Binding Agreement Between TracFone and Consumers)**

44.   Plaintiff incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein.

45.   TracFone sells Phone Cards to Washington consumers that purport to bind the consumer to certain terms and conditions available on TracFone's website, including an arbitration clause (the "TracFone Agreement").

46.   That agreement also purports to impose on consumers an expiration date and fees, as described above, in violation of RCW Ch. 19.240.

47.   Any agreement made in violation of the provisions of RCW Ch. 19.240 is contrary to public policy and is void and unenforceable under RCW 19.240.110.

48.   A controversy exists as to whether the TracFone Agreement is enforceable, and as to whether it is supported by a valid offer and corresponding acceptance resulting in a binding agreement between the parties.

49.   A declaration by the Court would terminate that controversy as between Plaintiff and the Class on the one hand and TracFone on the other hand.

50.   The parties need the Court to settle, and to afford relief from, the uncertainty and insecurity that exists with respect to the rights, status, and other legal relations among them.

51.   The parties' controversy is both substantial and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52.   This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to RCW 7.24.010.

53.   Accordingly, Plaintiff requests that the Court issue a judgment declaring that the TracFone Agreement is contrary to public policy and void and unenforceable under Washington law, and also that it does not constituted an agreement of the parties to which they are bound.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## VIII.  THIRD CAUSE OF ACTION
### (Violations of the Washington Consumer Protection Act, RCW 19.86.020)

54.     Plaintiff incorporates by reference Paragraphs 1 through 53 above as though fully set forth herein.

55.     The Washington Consumer Protection Act, RCW Ch. 19.86, provides a private right of action to any person injured in her property by "unfair or deceptive acts or practices."

56.     TracFone's and Wal-Mart's sale of Phone Cards in violation of public policy and Washington law is an unfair act or practice.

57.     TracFone's and Wal-Mart's sale of Phone Cards was committed in the course of commerce.

58.     TracFone's and Wal-Mart's sale of Phone Cards impacts the public interest because it (a) injured other persons, (b) had the capacity to injure other persons, and/or (c) has the capacity to injure other persons.

59.     TracFone's and Wal-Mart's unfair acts and practices caused damage to Plaintiff and other members of the Class.

60.     Plaintiff seeks equitable/injunctive relief and damages on behalf or herself and the other members of the Class for actual damages sustained as a result of TracFone's and Wal-Mart's unfair acts or practices in an amount to be determined at trial as well as the costs of this suit and reasonable attorneys' fees.

61.     To the extent Plaintiff seeks monetary damages, Plaintiff also seeks treble damages on behalf of herself and each Class member for his or her actual damages sustained as a result of TracFone's and Wal-Mart's unfair acts in an amount to be determined at trial.

FIRST AMENDED COMPLAINT - 10

54

## IX.   FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

62.   Plaintiff incorporates by reference Paragraphs 1 through 61 above as though fully set forth herein.

63.   As a result of the conduct described above, Wal-Mart and TracFone have been and will be unjustly enriched at the expense of Plaintiff and the other members of the Class.

64.   Specifically, Wal-Mart and TracFone's unfair and illegal actions as described above have enabled Wal-Mart and TracFone to receive money in violation of Washington law.

65.   Wal-Mart and TracFone should be required to disgorge the money retained as a result of their unjust enrichment.

## X.   PRAYER FOR RELIEF

Plaintiff requests the following relief:

(a)   A determination that this action is a proper class action maintainable pursuant to CR 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4)(A), and appointing Plaintiff as representative of the Class.

(b)   That the Court provide equitable and injunctive relief enjoining TracFone and Wal-Mart from pursuing the policies, acts and practices described in this Complaint.

(c)   The following damages on her individual claim in a total amount that is less than $75,000:

      i.   Compensatory damages; and

      ii.   Treble damages to the extent allowed under the Washington Consumer Protection Act.

(d)   The following award to the Class:

      i.   Disgorgement of money retained through unjust enrichment as set forth above; and

      ii.   Compensatory damages under applicable law.

FIRST AMENDED COMPLAINT - 11

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1      (e)     An award of costs and disbursements incurred by Plaintiff in connection

2  with this action, including reasonable attorneys' fees pursuant to Washington's Consumer

3  Protection Act and other applicable laws.

4      (f)     Plaintiff is not seeking any relief for herself or the class alleged herein

5  which would under any circumstances cause the "matter in controversy" in this action to

6  exceed the sum or value of $5,000,000, exclusive of interest and costs, within the

7  meaning of 28 U.S.C. § 1332(d).

8      (g)     Such other and further relief the Court deems just and proper.

9                          **XI.    JURY DEMAND**

10  Plaintiff demands a trial by jury on all issues so triable pursuant to CR 38.

11

12  DATED this 6th day of October, 2010.

13

14                                      **NEWMAN & NEWMAN,**
                                        **ATTORNEYS AT LAW, LLP**
15

16                          By:     _____
                                    Derek Linke, WSBA No. 38314
17                                  Derek A. Newman, WSBA No. 26967

18                                  Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT - 12                NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
                                            ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
                                                                    (206) 274-2800

56

FILED

10 OCT 05 PM 2:53

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-35173-6 SEA

1

2

3

4

5

6

7

8

**SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

9

10

11

12

13

14

15

16

17

CHRISTINA REEVES DUWORS, an
individual, by herself and on behalf of all
others similarly situated,

     Plaintiff,

     v.

TRACFONE WIRELESS, INC., a Delaware
corporation; and WAL-MART STORES,
INC., a Delaware corporation;

     Defendants.

NO.

**CLASS ACTION COMPLAINT
FOR DAMAGES AND
INJUNCTIVE AND
DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - i

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

S7

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................... 1

II.    PARTIES ................................................................................................ 1

III.   JURISDICTION AND VENUE ............................................................ 1

IV.    FACTS ................................................................................................... 2

V.     CLASS ACTION ALLEGATIONS ....................................................... 4

VI.    FIRST CAUSE OF ACTION
       (Gift Certificate Violations under RCW Ch. 19.240) ........................... 7

VII.   SECOND CAUSE OF ACTION
       (Declaratory Relief—No Binding Agreement Between TracFone and
       Consumers) ........................................................................................... 8

VIII.  THIRD CAUSE OF ACTION
       (Violations of the Washington Consumer Protection Act, RCW 19.86.020) ..... 9

IX.    FOURTH CAUSE OF ACTION (Unjust Enrichment) ................................. 10

X.     PRAYER FOR RELIEF ...................................................................... 10

XI.    JURY DEMAND ................................................................................. 11

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I.    INTRODUCTION

1.    Plaintiff Christina Duwors brings this cause of action individually and on behalf of a class of similarly-situated persons against Defendant TracFone Wireless, Inc. and Wal-Mart Stores, Inc. for selling pre-paid cell phone service gift cards which expire in violation of RCW § 19.240.010 *et seq.*, and other laws.

## II.    PARTIES

2.    Plaintiff Christina Duwors is a consumer who purchased a TracFone pre-paid cell phone service gift card at a Wal-Mart store in Washington State.

3.    Defendant TracFone Wireless, Inc. (hereinafter "TracFone") is a Delaware corporation with its principal place of business in Miami, Florida.

4.    Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

## III.    JURISDICTION AND VENUE

5.    This Court has original jurisdiction over the subject matter of this action pursuant to RCW § 2.08.010.

6.    This Court has personal jurisdiction over TracFone and Wal-Mart pursuant to RCW 4.28.185(a) because the causes of action alleged herein arise out of TracFone's and Wal-Mart's transaction of business in Washington, namely the sale of TracFone prepaid cell phone service gift cards in Washington.

7.    This Court has personal jurisdiction over TracFone and Wal-Mart pursuant to RCW 4.28.185(b) because TracFone and Wal-Mart committed the tortious acts complained of herein in Washington.

8.    This Court also has personal jurisdiction over TracFone because TracFone has continuous and systematic contacts with Washington. TracFone regularly sells mobile phones and related services to Washington consumers. On its website located at <<http://www.tracfone.com>>, TracFone boasts that it is America's largest "No-Contract" cellular service provider in the US with over 15 million subscribers. Defendant TracFone provides a substantial amount of products and services to Washington

COMPLAINT - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   consumers through its online retail websites located at <<http://www.tracfone.com>> and

2   <<http://www.straighttalk.com>>. Defendant TracFone is the exclusive provider of pre-

3   paid cell phone products and services in all of Wal-Mart's retail stores in Washington.

4       9.      This Court also has personal jurisdiction over Wal-Mart because Wal-Mart

5   has continuous and systematic contacts with Washington. Defendant Wal-Mart provides

6   a substantial amount of products and services to Washington consumers through its

7   website located at <<http://www.walmart.com>>. Defendant Wal-Mart operates

8   approximately forty seven retail stores in Washington.

9       10.     Venue is proper in King County pursuant to RCW § 4.12.025(1)(a) because

10  TracFone and Walmart do business in King County.

11      11.     Over 90% of the putative members of the Class are citizens of the state of

12  Washington. The amount in controversy on Plaintiff's individual claim is less than

13  $75,000.

14      12.     The total amount in controversy for all Class members' claims in this

15  action, including recoverable damages and penalties, is less than $5,000,000, exclusive of

16  interest and costs, within the meaning of 28 U.S.C. § 1332(d).

17                              **IV.   FACTS**

18      13.     TracFone sells prepaid no-contract service cards ("Phone Cards") for use

19  with its Straight Talk-brand mobile phones. The Phone Cards are available to purchase in

20  varying dollar values (i.e., a $20 card, a $30 card, etcetera).

21      14.     TracFone is a provider of prepaid mobile phone services in Wal-Mart's

22  Washington retail stores.

23      15.     A customer may use a TracFone Phone Card to obtain service with a

24  Straight Talk phone. The value on the Phone Card decreases as the consumer uses the

25  phone.

26      16.     However, to activate service, a consumer who purchases a TracFone Phone

27  Card must first call a 1-800 number and key in a unique pin number affixed to that Phone

28  Card.

COMPLAINT - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

60

17.   If a consumer does not activate her Phone Card within one year of purchase, the Phone Card expires and all of the value on the Phone Card is no longer available to the consumer.

18.   In order to maintain active service, the customer must refill her Phone Card within thirty days of activation.

19.   Any unused value at the time of refilling the customer's Phone Card are forfeited by the customer.

20.   Plaintiff purchased a TracFone Phone Card from a Wal-Mart retail location in Washington.

21.   The following is a true and correct copy of the TracFone Phone Card Plaintiff purchased:

22.   Plaintiff is informed and believes, and on that basis alleges, that TracFone and/or Wal-Mart assert that her purchase of a Phone Card compels her to comply with an arbitration clause located on TracFone's website (the "Arbitration Clause").

23.   Plaintiff is informed and believes, and on that basis alleges, that the Arbitration Clause purports to deprive her of the right to seek redress for TracFone's misconduct through a class action, and that it requires her to bear the costs of arbitrating her claims against TracFone in a jurisdiction other than where she was actually injured.

24.   Plaintiff had no knowledge or reason to know of the Arbitration Clause at the time she purchased the Phone Card and she did not negotiate the arbitration clause or have a meaningful opportunity to do so.

25.   Even if Plaintiff had the opportunity to negotiate the Arbitration Clause, she would have been unable to do so, as her bargaining power is greatly outweighed by Defendants' bargaining power.

26.   To the extent that the Arbitration Clause constitutes a binding, valid contractual obligation, it is a contractual obligation of adhesion, and the manner in which it was formed was procedurally unconscionable.

27.   The Arbitration Clause is also substantively unconscionable as it is harsh,

COMPLAINT - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   unfair, burdensome, shocking to the conscience, and effectively deprives Plaintiff of any

2   rights of redress against Defendants for their misconduct and any due process opportunity

3   to be heard by an unbiased tribunal.

4         28.     TracFone attempts to use the mandatory arbitration and class action waiver

5   provisions to shield itself from customers' use of the judicial system to seek redress for

6   its improper conduct. In TracFone were successful in this regard, the waiver would

7   virtually immunize TracFone from responsibility for its misconduct. Such waivers are

8   unconscionable under Washington law and should not be enforced.

9                    **V.     CLASS ACTION ALLEGATIONS**

10        29.     Plaintiff brings this suit as a class action pursuant to CR 23(a), (b)(1),

11  (b)(2), (b)(3) and/or (c)(4)(A), on behalf of herself and the following Class comprised of:

12        All persons who purchased a TracFone prepaid mobile card in Washington
           State.
13

14        30.     Excluded from the Class are: (a) TracFone, any entity in which TracFone

15  has a controlling interest or which has a controlling interest in TracFone; (b) Wal-Mart,

16  any entity in which Wal-Mart has a controlling interest or which has a controlling interest

17  in Wal-Mart (c) TracFone's employees, agents, predecessors, successors or assigns; (d)

18  Wal-Mart's employees, agents, predecessors, successors or assigns; (e) Plaintiff's

19  attorneys and any member of Plaintiff's attorneys' immediate family; and (f) the judge

20  and staff to whom this case is assigned, and any member of the judge's immediate

21  family.

22        31.     Plaintiff reserves the right to modify this class definition prior to moving

23  for class certification.

24        32.     This action has been brought and may be properly maintained as a class

25  action pursuant to CR 23 for the following reasons:

26               a.     The Class is ascertainable and there is a well-defined community of

27                      interest among the members of the Class because all Class members

28                      purchased TracFone Phone Cards.

COMPLAINT - 4               NEWMAN & NEWMAN,          505 Fifth Ave. S., Ste. 610
                           ATTORNEYS AT LAW, LLP      Seattle, Washington 98104
                                                           (206) 274-2800

62

b.    On information and belief, there are a minimum of 100 members of the Class residing in different counties of the state of Washington including Kitsap County. Membership in the Class is so numerous and geographically dispersed as to make it impractical to bring all members of the Class before the Court because the identity and exact number of members of the Class is currently unknown but is estimated to be well in excess of 100.

c.    Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered harm due to TracFone's and Wal-Mart's course of conduct as alleged herein.

d.    Plaintiff is a member of the Class because she purchased a TracFone Phone Card.

e.    There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual questions pursuant to CR 23(b)(3). The common issues include, but are not limited to, the following:

    i.    Whether TracFone issues or issued Phone Cards with value that automatically expires;

    ii.    Whether Wal-Mart sells or sold Phone Cards with value that automatically expires;

    iii.    Whether the conduct of TracFone and/or Wal-Mart constitutes or constituted unfair acts or practices under the Washington CPA;

    iv.    Whether TracFone's and/or Wal-Mart's unfair conduct was or is committed in the course of their business;

    v.    Whether TracFone's and/or Wal-Mart's unfair conduct causes or caused damage and injury to Plaintiff and the other members of the Class;

COMPLAINT - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

vi.     Whether TracFone and/or Wal-Mart have been unjustly
enriched by receiving money by selling prepaid Phone Cards
with value that automatically expired; and

vii.    The measure of equitable/injunctive relief or amount of
damages that TracFone and/or Wal-Mart should be required
to pay as a result of their actionable conduct.

f.      These and other questions of law and fact are common to the
members of the Class and predominate over any individual questions
affecting the Class.

g.      Plaintiff will fairly and adequately protect the interests of the Class
in that Plaintiff has no interests that are antagonistic to other
members of the Class and has retained counsel competent in the
prosecution of class actions to represent herself and the Class.

h.      Without a class action lawsuit, the Class will continue to suffer
damage, TracFone's and/or Wal-Mart's violations of the law or laws
will continue without remedy, and TracFone and/or Wal-Mart will
continue to enjoy the fruits and proceeds of their unlawful conduct.

i.      Given (1) the substantive complexity of this litigation; (2) the size of
individual Class members' claims; and (3) the limited resources of
the Class members, few, if any, Class members could afford to seek
legal redress individually for the wrongs TracFone and/or Wal-Mart
have committed against them.

j.      This action will foster an orderly and expeditious administration of
Class claims, will economize time, effort and expense, and will
result in uniformity of decision because all matters will be resolved
at one time with a minimum of legal fees and judicial resources.

k.      This action presents no difficulty that would impede the Court's
management of it as a class action, and a class action is the best

COMPLAINT - 6

1 and/or the only available means by which members of the Class can

2 seek legal redress for the harm caused by TracFone and/or Wal-

3 Mart.

4 33. The various claims asserted in this action are additionally or alternatively

5 certifiable under the provisions of CR 23(b)(1) or 23(b)(2) because:

6 a. The prosecution of separate actions by hundreds of individual Class

7 members would create a risk of inconsistent or varying adjudications

8 with respect to individual Class members, thus establishing

9 incompatible standards of conduct for TracFone and/or Wal-Mart;

10 b. The prosecution of separate actions by individual Class members

11 would also create the risk of adjudications with respect to them that

12 would, as a practical matter, be dispositive of the interests of the

13 other Class members who are not a party to such adjudications and

14 would substantially impair or impede the ability of such non-party

15 Class members to protect their interests; and

16 c. TracFone and/or Wal-Mart have acted or refused to act on grounds

17 generally applicable to the entire Class, thereby making appropriate

18 final declaratory and injunctive relief with respect to the Class as a

19 whole. The claims brought by Plaintiff and the other members of the

20 Class all arise from substantially similar sets of facts and from

21 TracFone's and/or Wal-Mart's identical course of conduct.

22 34. The issues common to the Class members' claims, some of which are

23 identified above, are alternatively certifiable pursuant to CR 23(c)(4) as resolution of

24 these issues would materially advance the litigation, and class resolution of these issues is

25 superior to repeated litigation of these issues in separate trials.

26

## VI. FIRST CAUSE OF ACTION
### (Gift Certificate Violations under RCW Ch. 19.240)

27

28 35. Plaintiff incorporates by reference Paragraphs 1 through 34 above as

COMPLAINT - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    though fully set forth herein.

2        36.    TracFone and Wal-Mart sell Phone Cards throughout Washington State.

3        37.    Phone Cards are instruments containing value or credit in various amounts.

4        38.    The value or credit associated with Phone Cards is primarily intended to be

5    exchanged for consumer services in the form of cellular phone service.

6        39.    The Phone Cards automatically expire one year after purchase unless

7    activated by the purchaser in violation of RCW 19.240.020(1)(a).

8        40.    Whether activated or not, Phone Cards are not returnable or redeemable for

9    any value.

10       41.    Once a Phone Card is activated, it must be reloaded every thirty (30) days.

11       42.    When a consumer reloads value onto a Phone Card, any previously

12   remaining balance is forfeited. Such mandatory forfeiture constitutes a fee in violation of

13   RCW 19.240.020(1)(b).

14       43.    Plaintiff purchased a TracFone Phone Card from Wal-Mart in Washington

15   State.

16
17    **VII.   SECOND CAUSE OF ACTION**
     **(Declaratory Relief—No Binding Agreement Between TracFone and Consumers)**

18       44.    Plaintiff incorporates by reference Paragraphs 1 through 41 above as

19   though fully set forth herein.

20       45.    TracFone sells Phone Cards to Washington consumers that purport to bind

21   the consumer to certain terms and conditions available on TracFone's website, including

22   an arbitration clause (the "TracFone Agreement").

23       46.    That agreement also purports to impose on consumers an expiration date

24   and fees, as described above, in violation of RCW Ch. 19.240.

25       47.    Any agreement made in violation of the provisions of RCW Ch. 19.240 is

26   contrary to public policy and is void and unenforceable under RCW 19.240.110.

27       48.    A controversy exists as to whether the TracFone Agreement is enforceable,

28   and as to whether it is supported by a valid offer and corresponding acceptance resulting

COMPLAINT - 8

66

1  in a binding agreement between the parties.

2      49.    A declaration by the Court would terminate that controversy as between

3  Plaintiff and the Class on the one hand and TracFone on the other hand.

4      50.    The parties need the Court to settle, and to afford relief from, the

5  uncertainty and insecurity that exists with respect to the rights, status, and other legal

6  relations among them.

7      51.    The parties' controversy is both substantial and of sufficient immediacy and

8  reality to warrant the issuance of a declaratory judgment.

9      52.    This Court has the power to declare the rights, status, and other legal

10  relations between the parties pursuant to RCW 7.24.010.

11      53.    Accordingly, Plaintiff requests that the Court issue a judgment declaring

12  that the TracFone Agreement is contrary to public policy and void and unenforceable

13  under Washington law, and also that it does not constituted an agreement of the parties to

14  which they are bound.

15

16  ## VIII.  THIRD CAUSE OF ACTION
**(Violations of the Washington Consumer Protection Act, RCW 19.86.020)**

17      54.    Plaintiff incorporates by reference Paragraphs 1 through 51 above as

18  though fully set forth herein.

19      55.    The Washington Consumer Protection Act, RCW Ch. 19.86, provides a

20  private right of action to any person injured in her property by "unfair or deceptive acts or

21  practices."

22      56.    TracFone's and Wal-Mart's sale of Phone Cards in violation of public

23  policy and Washington law is an unfair act or practice.

24      57.    TracFone's and Wal-Mart's sale of Phone Cards was committed in the

25  course of commerce.

26      58.    TracFone's and Wal-Mart's sale of Phone Cards impacts the public interest

27  because it (a) injured other persons, (b) had the capacity to injure other persons, and/or

28  (c) has the capacity to injure other persons.

COMPLAINT - 9                    NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
                                 ATTORNEYS AT LAW, LLP    Seattle, Washington 98104
                                                              (206) 274-2800

67

1    59.    TracFone's and Wal-Mart's unfair acts and practices caused damage to

2   Plaintiff and other members of the Class.

3    60.    Plaintiff seeks equitable/injunctive relief and damages on behalf or herself

4   and the other members of the Class for actual damages sustained as a result of

5   TracFone's and Wal-Mart's unfair acts or practices in an amount to be determined at trial

6   as well as the costs of this suit and reasonable attorneys' fees.

7    61.    To the extent Plaintiff seeks monetary damages, Plaintiff also seeks treble

8   damages on behalf of herself and each Class member for his or her actual damages

9   sustained as a result of TracFone's and Wal-Mart's unfair acts in an amount to be

10   determined at trial.

11

12   ## IX.    FOURTH CAUSE OF ACTION
   ### (Unjust Enrichment)

13    62.    Plaintiff incorporates by reference Paragraphs 1 through 59 above as

14   though fully set forth herein.

15    63.    As a result of the conduct described above, Wal-Mart and TracFone have

16   been and will be unjustly enriched at the expense of Plaintiff and the other members of

17   the Class.

18    64.    Specifically, Wal-Mart and TracFone's unfair and illegal actions as

19   described above have enabled Wal-Mart and TracFone to receive money in violation of

20   Washington law.

21    65.    Wal-Mart and TracFone should be required to disgorge the money retained

22   as a result of their unjust enrichment.

23   ## X.    PRAYER FOR RELIEF

24   Plaintiff requests the following relief:

25    (a)    A determination that this action is a proper class action maintainable

26   pursuant to CR 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4)(A), and appointing Plaintiff as

27   representative of the Class.

28    (b)    That the Court provide equitable and injunctive relief enjoining TracFone

COMPLAINT - 10

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

48

1    and Wal-Mart from pursuing the policies, acts and practices described in this Complaint.

2         (c)    The following damages on her individual claim in a total amount that is less

3    than $75,000:

4              i.    Compensatory damages; and

5              ii.   Treble damages to the extent allowed under the Washington

6                    Consumer Protection Act.

7         (d)    The following award to the Class:

8              i.    Disgorgement of money retained through unjust enrichment as set

9                    forth above; and

10             ii.   Compensatory damages under applicable law.

11        (e)    An award of costs and disbursements incurred by Plaintiff in connection

12   with this action, including reasonable attorneys' fees pursuant to Washington's Consumer

13   Protection Act and other applicable laws.

14        (f)    Plaintiff is not seeking any relief for herself or the class alleged herein

15   which would under any circumstances cause the "matter in controversy" in this action to

16   exceed the sum or value of $5,000,000, exclusive of interest and costs, within the

17   meaning of 28 U.S.C. § 1332(d).

18        (g)    Such other and further relief the Court deems just and proper.

19                      **XI.    JURY DEMAND**

20   Plaintiff demands a trial by jury on all issues so triable pursuant to CR 38.

21

22   DATED this 5th day of October, 2010.

23

24                                  **NEWMAN & NEWMAN,**
                                    **ATTORNEYS AT LAW, LLP**
25

26   By: _____
                                    Derek Linke, WSBA No. 38314
27                                  Derek A. Newman, WSBA No. 26967

28                                  Attorneys for Plaintiff

COMPLAINT - 11          NEWMAN & NEWMAN,      505 Fifth Ave. S., Ste. 610
                        ATTORNEYS AT LAW, LLP  Seattle, Washington 98104
                                               (206) 274-2800

69

1
2
3
4
5
6
7                           SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   CHRISTINA REEVES DUWORS, an          )
    individual, by herself and on behalf of all  )
9   others similarly situated,            )    NO. 10-2-35173-6 SEA
                                          )
10                          Plaintiff,    )    NOTICE TO PLAINTIFF OF FILING OF
                                          )    NOTICE OF REMOVAL OF ACTION
11       v.                               )    PURSUANT TO 28 U.S.C. §§ 1332, 1441,
                                          )    1446 AND 1453
12  TRACFONE WIRELESS, INC., a Delaware   )
    corporation; and WAL-MART STORES,     )    (DIVERSITY JURISDICTION -- CLASS
13  INC., a Delaware corporation,         )    ACTION FAIRNESS ACT)
                                          )
14                          Defendants.   )
                                          )
15  ──────────────────────────────────────

16  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

17          NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1446(d), on November 3,

18  2010, Defendant TracFone Wireless, Inc. ("TracFone") filed a Notice of Removal of Action

19  Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 (Diversity Jurisdiction—Class Action

20  Fairness Act) in the United States District Court for the Western District of Washington,

21  together with a copy of all process, pleadings and orders served upon TracFone.

22          A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A"

23  and is incorporated herein by this reference.

24  / / /

25  / / /

26  / / /

    NOTICE TO PLAINTIFF OF FILING OF NOTICE OF
    REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§          **LANE POWELL** PC
    1332, 1441, 1446 AND 1453 - 1                        1420 FIFTH AVENUE, SUITE 4100
                                                         SEATTLE, WASHINGTON  98101-2338
    111655.0389/1928344.1                               206.223.7000 FAX: 206.223.7107
                              EXHIBIT 2

70

1    DATED:  November 3, 2010

2

3                                           LANE POWELL PC

4

5                                           By  s/Rudy A. Englund
                                                Rudy A. Englund, WSBA No. 04123
6                                               englundr@lanepowell.com
                                                Mary S. Young, WSBA No. 33173
7                                               youngm@lanepowell.com
                                            Attorneys for Tracfone Wireless, Inc., a
8                                           Delaware corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE TO PLAINTIFF OF FILING OF NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§              **LANE POWELL** PC
1332, 1441, 1446 AND 1453 - 2                           1420 FIFTH AVENUE, SUITE 4100
                                                        SEATTLE, WASHINGTON  98101-2338
111655.0389/1928344.1                                   206.223.7000 FAX: 206.223.7107

1

2

3

4

5

6

7                            SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   CHRISTINA REEVES DUWORS, an          )
    individual, by herself and on behalf of all  )
9   others similarly situated,                 )     NO. 10-2-35173-6 SEA
                                             )
10                                Plaintiff,   )     NOTICE TO SUPERIOR COURT OF
                                             )     FILING OF NOTICE OF REMOVAL OF
11      v.                                    )     ACTION PURSUANT TO 28 U.S.C. §§
                                             )     1332, 1441, 1446 AND 1453
12   TRACFONE WIRELESS, INC., a Delaware   )
    corporation; and WAL-MART STORES,       )     (DIVERSITY JURISDICTION -- CLASS
13   INC., a Delaware corporation,           )     ACTION FAIRNESS ACT)
                                             )
14                               Defendants.   )
                                             )
15   _____

16   TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

17        NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1446(d), on November 3,

18   2010, Defendant TracFone Wireless, Inc. ("TracFone") filed a Notice of Removal of Action

19   Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 (Diversity Jurisdiction—Class Action

20   Fairness Act) in the United States District Court for the Western District of Washington,

21   together with a copy of all process, pleadings and orders served upon TracFone.

22        A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A"

23   and is incorporated herein by this reference.

24   / / /

25   / / /

26   / / /

NOTICE TO SUPERIOR COURT OF FILING OF
NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, 1446 AND 1453 - 1

111655.0389/1928335.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

72

EXHIBIT 3

1   DATED:  November 3, 2010

2                                           LANE POWELL PC

3

4                                           By  s/Rudy A. Englund
                                                Rudy A. Englund, WSBA No. 04123
5                                               englundr@lanepowell.com
                                                Mary S. Young, WSBA No. 33173
6                                               youngm@lanepowell.com
                                            Attorneys for Tracfone Wireless, Inc., a
7                                           Delaware corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE TO SUPERIOR COURT OF FILING OF
NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, 1446 AND 1453 - 2

111655.0389/1928335.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

73